**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CHARLES E. ASKEW**                                                                                              **PLAINTIFF**

v.                                    Case No. 4:19-CV-114 (DPM)

**ROCK REGION METROPOLITAN;**                                                              **DEFENDANTS**
**TRANSIT AUTHORITY; CHARLES**
**FRAZIER; CHARLES JACKSON;**
**DONNA BOWERS; and WILSON VAUGHN**

**EXPEDITED MOTION FOR RESTRAINING ORDER AND SANCTIONS**

Defendants Rock Region Metropolitan Transit Authority ("METRO"), Charles Frazier, Donna Bowers, Charles Jackson Wilson Vaughn (collectively, "Defendants"), by and through their undersigned counsel, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., and for their Expedited Motion for Restraining Order and Sanctions, state:

1. From April 18 to April 25, 2019, Plaintiff Charles Askew called Defendant Charles Frazier on at least one-hundred thirty-five (135) different occasions. Plaintiff also repeatedly called other METRO employees.

2. Plaintiff's phone calls to Defendants were typically rife with abusive language, obscenities, and threats to pursue malicious litigation.

3. In one call on April 23, 2019, Plaintiff threatened to kill Mr. Frazier.

4. Plaintiff has a lengthy history of making serious threats against METRO employees. For instance, in June 2017, and after bragging about allegedly "beating" murder charges, Mr. Askew threatened to "go homicidal" on a METRO employee. *ECF No. 2*, at P. 13. In October 2018, after a METRO operator asked Mr. Askew not to disrobe on the bus, Mr. Askew threatened to kill that operator. *Id.* at P. 12.

5. In fact, Plaintiff currently faces criminal charges for disorderly conduct, trespass, and terrorist threatening in connection with actions he took against METRO and its employees (including Floyd Bibbs, a bus operator) on March 2, 2019.[1] **Exhibit 1**, Docket Report - *State v. Charles E. Askew*, Case No. LRCR-19-1058 (Little Rock District Court – Criminal Division); **Exhibit 2**, Police Report – Incident No. 2019-026560 (March 2, 2019).

6. In connection with this episode and the charges pending against him, Judge Melanie Martin of the Little Rock District Court issued a No-Contact Order prohibiting Plaintiff from (1) contacting two METRO employees "directly or indirectly, whether in person, by telephone, computer, mail, or any other means," (2) possessing a firearm or other weapon, and (3) entering METRO's property located at 310 E. Capitol Avenue. **Exhibit 3**, No-Contact Order.

7. Apparently, neither the pending charges nor the No-Contact Order sufficiently deterred Plaintiff from engaging in a campaign of harassment, threats, and insults against METRO and its employees. **Exhibit 4**, Affidavit of Charles Frazier; **Exhibit 5**, Contemporaneous Telephone Log of C. Frazier.

8. Plaintiff interposed similar threats of violence in his March 22, 2019 filing with this Court, to wit: "**Justice or death[.] I mean it from the dept[h]s of my soul**, F.B.I. Don't play games, they know [I] am mad." *ECF No. 21*, at P. 8 (emphasis added).

9. Defendants now ask this Court to enter a restraining order prohibiting Plaintiff from contacting them, directly or indirectly (except through counsel if necessary for the purposes of this litigation, to the extent that it continues), and from otherwise entering their properties.

10. The Court has statutory authority under the Arkansas Workplace Violence Prevention statute to enter an appropriate restraining order because Plaintiff's conduct constitutes

---

[1] Plaintiff's criminal trial is currently set for May 9, 2019.

harassment. ARK. CODE ANN. § 11–5–115(a)(2)-(3) ("If an employer or an employer's employee or invitee has: . . (2) Received a threat of violence by an individual which can reasonably be construed as a threat which may be carried out at the work site as defined by § 5-13-301, terroristic threatening; § 5-38-202, threatening a catastrophe; §§ 5-13-204--5-13-207, assault; or §§ 5-26-304--5-26-306, domestic battering; or (3) Been stalked or harassed at the work site as defined by § 5-71-213, loitering; § 5-39-203, criminal trespass; § 5-71-208, harassment; or § 5-71-229, stalking, the employer may, in addition to, or instead of, filing criminal charges against the individual, seek a temporary restraining order, a preliminary injunction, or an injunction under Arkansas Rule of Civil Procedure 65 prohibiting further unlawful acts by that individual at the work site, which shall include any place at which work is being performed on behalf of the employer.").

11. Under the Arkansas Code, "harassment" is defined as a person engaging in conduct or repeatedly committing "an act that alarms or seriously annoys another person and that serves no legitimate purpose." ARK. CODE ANN. § 5–71–208(a)(5).

12. Plaintiff's 135-obscenity-laced calling campaign against Mr. Frazier satisfies the AWVP's requirements in order for the Court to restrain his conduct.

13. Accordingly, the Court should enter an order prohibiting Plaintiff from contacting Defendants or from entering their properties.

14. The Court should also dismiss Plaintiff's Complaint as a sanction for his abusive misconduct.

15. Federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citing *Link v.*

*Wabash Ry. Co.*, 370 U.S. 626, 630–31 (1962)). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)).

16. "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993).

17. Directing abusive language to courts and party-opponents warrants the imposition of severe, terminating sanctions. *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014); *see also Payne v. Am. Corr. Ass'n*, 667 F. App'x 149 (5th Cir. 2016). Terminating sanctions are also appropriate where the litigant repeatedly engaged in abusive conduct in violation of prior court orders. *See Stine v. Fetterhoff*, 2009 WL 2848848, at *5 (D. Colo. Aug. 31, 2009) (where the plaintiff included abusive and offensive language in his filings after being warned to refrain from that conduct, the court—observing that the plaintiff "plainly . . . has no respect for the Court and the judicial process[,]" dismissed the action with prejudice).

18. In *Kee v. R-G Crown Bank*, for instance, the U.S. District Court for the District of Utah considered dismissal with prejudice appropriate where the plaintiff, like Mr. Askew, made a significant number of annoying and profanity-laced phone calls to the defendants in his lawsuit. 656 F. Supp. 2d 1348 (D. Utah 2009). Specifically, the plaintiff "began making frequent and harassing phone calls to [Defendants'] employees . . . [and some of their] attorneys" after filing the lawsuit. *Id.* at 1352. These numerous phone calls were often minutes apart, contained foul language, and involved threats of bringing additional unfounded lawsuits against them. The district court, observing that it had "inherent power to regulate the activities of abusive litigants by

imposing carefully tailored restrictions in appropriate circumstances," found the sheer volume of the plaintiff's calls—which, like Mr. Askew's, were often minutes apart—to be worthy of severe sanctions. *Id.* (citations omitted). "Indeed, it is appropriate to issue an injunction to prevent harassing and abusive contacts, including repeated phone calls and abusive writings." *Id.* at 1353–54 (collecting cases).

19. Severe sanctions serve two important purposes in appropriate cases: they hold disobedient plaintiffs like Mr. Askew accountable, and they deter other would-be bad actors from engaging in similarly opprobrious conduct. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642–43 (1976) (per curiam) (holding that "the most severe in the spectrum of sanctions . . . must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

20. The court is not "constrained to impose the least onerous sanction available, [and] may exercise its discretion to choose the most appropriate sanction under the circumstances." *Mathers v. Abney*, 2017 WL 2371135, at *1 (D.N.D. May 31, 2017) (quoting *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 939 (8th Cir. 2000)).

21. Lesser sanctions would do little, if anything, to appropriately punish and deter Plaintiff: he is already subject to a no-contact order and already faces criminal liability in connection with terroristic threatening. Clearly, lesser sanctions will not suffice to prevent Mr. Askew from engaging in further willful, deliberate, and egregious misconduct. Accordingly, this Court, to both punish Plaintiff's bad conduct and to deter others who would so brazenly hurl death threats at their party opponents, should dismiss Plaintiff's Complaint with prejudice.

22. In support of this Motion, Defendants submit the following exhibits, along with their contemporaneously-filed Brief in Support:

**Exhibit 1** Docket Report - *State v. Charles E. Askew*, Case No. LRCR-19-1058 (Little Rock District Court – Criminal Division);

**Exhibit 2** Police Report – Incident No. 2019-026560 (March 2, 2019);

**Exhibit 3** No-Contact Order;

**Exhibit 4** Affidavit of Charles Frazier; and

**Exhibit 5** Contemporaneous Telephone Log of C. Frazier.

WHEREFORE, Defendants respectfully request the entry of a restraining order prohibiting Plaintiff Charles Askew from contacting them and from entering their properties, an order dismissing Plaintiff's Complaint with prejudice as a sanction under the Court's inherent authority, and for all other just and proper relief to which they are entitled.

Respectfully submitted,

*/s/ Alexander D. Clark*
M. Stephen Bingham (ABA 83023)
Alexander D. Clark (ABA 2017112)
**CROSS, GUNTER, WITHERSPOON**
  **& GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone:  501- 371-9999
Fax:  501-371-0035
sbingham@cgwg.com
aclark@cgwg.com

242066                                              6

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 29th day of April, 2019, I mailed by first class mail, postage prepaid, the foregoing document to the following non-ECF registrant:

Charles Askew
3409 Avery Road
Little Rock, AR 72209

                */s/ Alexander D. Clark*
                Alexander D. Clark